[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MARCH 25, 2011
JOHN LEY
CLERK

_____

No. 10-11064
_____

D.C. Docket No. 0:09-cv-60412-PCH

JULIE FITZPATRICK,
on behalf of herself and all others similarly situated,

Plaintiff - Appellee,

versus

GENERAL MILLS, INC.,

Defendant - Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(March 25, 2011)

Before BARKETT, MARCUS and FAY, Circuit Judges.

FAY, Circuit Judge:

This is an interlocutory appeal from the district court's grant of class certification. The Appellee, Julie Fitzpatrick ("Fitzpatrick"), alleges that the Appellants, General Mills, Inc. and wholly-owned subsidiary Yoplait USA, Inc. (collectively, "General Mills"), violated the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA"), Fla. Stat. § 501.201 *et seq.*, and breached an express warranty by making false and misleading claims about the digestive health benefits of YoPlus yogurt. On appeal, the Appellants contend that individualized issues predominate over common issues, and therefore the district court abused its discretion in granting class certification under Federal Rule of Civil Procedure 23(b)(3) on the FDUTPA claim. Further, the Appellants contend that the district court abused its discretion by defining the class as "all persons who purchased YoPlus in the State of Florida to obtain its claimed digestive health benefit," since such a definition requires individualized fact-finding. We find that the class as certified is not consistent with the analysis of the law performed by the district court. While we agree with the legal analysis, we are confused by the class as defined. Consequently, we vacate the order certifying the class and remand for reconsideration by the district court.

## I. BACKGROUND

In July 2007, General Mills began advertising and selling YoPlus. YoPlus is ordinary yogurt supplemented with probiotic bacteria, inulin, and vitamins A and D. The mixture of probiotic bacteria and inulin in YoPlus allegedly provides habitual consumers with digestive health benefits by aiding in the promotion of digestive health. The alleged digestive health benefit was promoted in General Mills' nationwide marketing campaign to introduce YoPlus to the United States market. The campaign consisted of television commercials, print promotional materials with coupons, in-store advertising, promotions to health professionals, internet advertising, as well as the claims made on YoPlus packaging.

In early 2008, Fitzpatrick was exposed to General Mills' representations about YoPlus' purported digestive health benefits via television commercials, coupons, and seeing the product packaging in various stores. Fitzpatrick decided to try YoPlus because she thought that its taste and other characteristics would surpass those of other probiotic yogurts, and that it would promote her digestive health in ways that normal yogurt would not. Over the following year, Fitzpatrick bought and consumed approximately 24 four-pack cartons of YoPlus. She claims, however, that her digestive health was the same before, during, and after eating YoPlus. Thus, she contends that General Mills' digestive health benefit claim has

allowed General Mills to sell YoPlus for an average of 44% more than Yoplait Original brand yogurt despite the fact that it provides no digestive health benefit that cannot be obtained by eating normal yogurt.

On March 17, 2009, Fitzpatrick filed suit on behalf of herself and proposed class members against General Mills alleging that General Mills violated the FDUTPA, Fla. Stat. § 501.201 *et seq.*, and breached an express warranty by making false and misleading claims that YoPlus provides digestive health benefits that other yogurt products do not. Fitzpatrick moved to certify a class composed of all persons who purchased YoPlus in the State of Florida. General Mills opposed class certification, claiming that individualized issues concerning whether members of the purported class purchased YoPlus for digestive health reasons predominated over any questions common to the class, precluding class certification.

On January 11, 2010, the district court issued its Order on Motion for Class Certification. The district court found that each of the requirements in Federal Rule of Civil Procedure 23(a) – numerosity, commonality, typicality, and adequacy of representation – were met for both the FDUTPA and the breach of warranty claim, but that the requirements in Federal Rule of Civil Procedure 23(b) were met only for the FDUTPA claim. Specifically, the district court found that

4

Fitzpatrick had satisfied the requirements in Federal Rule of Civil Procedure 23(b)(3) for the FDUTPA claim as (1) common issues predominated over individualized issues and as (2) a class action was a superior method of adjudicating this controversy. Thus, the district court granted class certification as to the FDUTPA claim, and denied class certification as to the breach of warranty claim. The court then defined the class as "all persons who purchased Yo-Plus in the State of Florida to obtain its claimed digestive health benefit." General Mills timely filed this appeal alleging that the district court committed reversible error in determining that common issues predominate over individualized issues and in defining the class in a manner that requires individualized fact-finding to ascertain the members of the class.

## II. STANDARD OF REVIEW

We review a district court's class certification order for abuse of discretion. *Heffner v. Blue Cross & Blue Shield of Ala., Inc.*, 443 F.3d 1330, 1337 (11th Cir. 2006). "A district court abuses its discretion if it applies an incorrect legal standard, follows improper procedures in [reaching its decision], or makes findings of fact that are clearly erroneous." *Adams v. S. Farm Bureau Life Ins. Co.*, 493 F.3d 1276, 1285 (11th Cir. 2007) (internal quotation and citation omitted). "As long as the district court's reasoning stays within the parameters of

5

Rule 23's requirements for certification of a class, the district court decision will not be disturbed." *Hines v. Widnall*, 334 F.3d 1253, 1255 (11th Cir. 2003).

## III. DISCUSSION

We first note that the district court conducted a detailed analysis of the requirements necessary for a class action. The Order on Motion for Class Certification is a scholarly work reflecting careful attention to the requirements of Federal Rule of Civil Procedure 23, existing precedent and the factual background of this matter. To satisfy Rule 23, the putative class must meet each of the four requirements specified in 23(a), as well as at least one of the three requirements set forth in 23(b). *Klay v. Humana, Inc.,* 382 F.3d 1241, 1250 (11th Cir. 2004). In this case, the only requirement at issue is the predominance requirement in Rule 23(b)(3). A class action may be certified under Rule 23(b)(3) if "the court finds that the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Fed.R.Civ.P. 23(b)(3). The district court found that common issues predominated over individualized issues and that a class action was a superior method of adjudicating this controversy; thus, the district court concluded that Fitzpatrick had satisfied the requirements of Rule 23(b)(3) for the FDUTPA claim.

In its reasoning that common issues predominated, the district court stated that "the FDUTPA claim rises or falls based predominantly on issues for which classwide proof is appropriate; an answer to the paramount question of whether YoPlus works as advertised will directly and substantially impact every class member's liability case and entitlement to relief under the FDUTPA." Order at 19. *See Klay,* 382 F.3d at 1255 ("Common issues of fact and law predominate if they have a direct impact on every class member's effort to establish liability and on every class member's entitlement to injunctive and monetary relief."). Further, the district court held that "recovery under the FDUTPA does not hinge on whether a particular plaintiff actually relied on General Mills' claims about Yo-Plus' alleged digestive health benefits"; rather, "whether that allegedly deceptive conduct would deceive an objective reasonable consumer [is a] common issue[ ] for all the putative class members, amenable to classwide proof." Order at 16. *See Davis v. Powertel, Inc.,* 776 So. 2d 971, 973 (Fla. 1st DCA 2000) ("A party asserting a deceptive trade practice claim need not show actual reliance on the representation or omission at issue."); *State, Office of Attorney Gen., Dep't of Legal Affairs v. Commerce Commercial Leasing, LLC,* 946 So. 2d 1253, 1258 (Fla. 1st DCA 2007) ("A deceptive or unfair trade practice constitutes a somewhat unique tortious act because, although it is similar to a claim of fraud, it is different in that, unlike

7

fraud, a party asserting a deceptive trade practice claim need not show actual reliance on the representation or omission at issue.") (quotation omitted). Thus, should the class prevail on the liability issue, each putative class member would only need to show that he or she paid a premium for YoPlus to be entitled to damages under the FDUTPA.

The district court's analysis in its Order on Motion for Class Certification is sound and in accord with federal and state law. The reasoning reflected therein is well within the parameters of Rule 23's requirements for certification of a class. And, if the definition of the class had been in accord with the legal analysis, we would have readily affirmed.[1] However, at the end of the district court's Order, it defined the class in a manner which seems to conflict with its earlier sound analysis. In its analysis, the district court repeatedly stated that a plaintiff need not prove reliance on the allegedly false statement to recover damages under FDUTPA, but rather a plaintiff must simply prove that an objective reasonable person would have been deceived. And, this is correct. Notwithstanding this analysis, the district court went on to define the class as "all persons who purchased Yo-Plus in the State of Florida *to obtain its claimed digestive health*

---

[1] The analysis would lead one to believe that the class would be defined as "all persons who purchased YoPlus in the State of Florida."

*benefit*." Order at 21 (emphasis added). The class definition limits the class to those who purchased YoPlus "to obtain its claimed digestive health benefit," which takes into account individual reliance on the digestive health claims. Had the district court defined the class in a manner which did not take individual reliance into account, such would be consistent with the district court's earlier analysis. Thus, we vacate the Order certifying the class and remand to the district court for further consideration.

## IV.  CONCLUSION

While we agree with the legal analysis of the district court, because the definition of the class it certified was in conflict with that analysis, we are uncertain of exactly what class it intended to certify. Consequently, we vacate the order being reviewed and remand the case for further consideration.

VACATED and REMANDED.